**LAW OFFICES OF MARK WRAY**
Mark Wray
608 Lander Street
Reno, Nevada  89509
Telephone: 775.348.8877

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone:  212.779.1414

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310.201.9150

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE SZYMBORSKI, On Behalf of Himself and All Others Similarly Situated, | CASE NO.:  3:10-CV-00132-ECR-RAM |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF JIANXUN DONG, GEORGE UMINO, AND THE A.R.D. INVESTMENT CLUB, L.P.'S MOTON TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL |
| ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, JOSEPH TENNE, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE, | |
| Defendants. | |

30812v1

| | |
|---|---|
| PAUL STEBELTON, On Behalf of Himself and All Others Similarly Situated, | **CASE NO.:  3:10-CV-00156-ECR-RAM** |
| Plaintiff, | |
| vs. | |
| ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDI BRONICKI, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE, | |
| Defendants. | |
| JOHN J. CURTIS, On Behalf of Himself and All Others Similarly Situated, | **CASE NO.:  3:10-CV-00198-ECR-RAM** |
| Plaintiff, | |
| vs. | |
| ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDI BRONICKI, | |
| Defendants. | |

30548v1

## **PRELIMINARY STATEMENT**

Presently pending before the Court are three related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Ormat Technologies ("Ormat" or the "Company") during the period of May 6, 2008 and February 24, 2010, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Ormat, Yehudit Bronicki, Joseph Tenne, Yoram Bronicki, Lucien Y. Bronicki, Dan Dalk, Jacob L. Worenklein, Roger W. Gale, and Robert F. Clarke (the "Individual Defendants").

Class members Jianxun Dong, George Umino, and the A.R.D. Investment Club, L.P. ("Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") and Glancy Binkow & Goldberg LLP ("Glancy Binkow") as co-lead counsel for the Class.

During the Class Period, Jianxun Dong suffered a loss of $29,873; George Umino suffered a loss of $11,893; and the A.R.D. Investment Club, L.P. suffered a loss of $11,389. Thus, Movants suffered total losses of $53,156 stemming from their investments in Ormat. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

## **STATEMENT OF FACTS**

Ormat and its subsidiaries engage in the geothermal and recovered energy power business in the United States and internationally. The Company develops, builds, owns and operates geothermal and recovered energy-based power plants, and

10947v1

1 sells electricity and equipment for geothermal and recovered energy-based electricity
2 generation.
3     The complaint alleges defendants violated the Securities Exchange Act of 1934.
4 Throughout the Class Period, defendants knew or recklessly disregarded that their
5 public statements concerning Ormat's business, operations and prospects were
6 materially false and misleading.  Specifically, defendants made false and/or
7 misleading statements and/or failed to disclose: (1) that the Company was improperly
8 continuing to capitalize costs for individual projects after Ormat had decided to
9 abandon further exploration and development of individual projects instead of
10 expensing those costs in the period in which any such determination was made; (2)
11 that, as a result, the Company's financial results were overstated during the Class
12 Period; (3) that the Company's financial results were not prepared in accordance with
13 Generally Accepted Accounting Principles ("GAAP"); (4) that the Company lacked
14 adequate internal and financial controls; and (5), as a result of the above, that the
15 Company's financial statements were materially false and misleading at all relevant
16 times.
17     On February 24, 2010, Ormat disclosed that the Board of Directors and Audit
18 Committee of the Company, upon recommendation of management, had concluded
19 that the Company's financial statements for the year ended December 31, 2008 (the
20 "2008 Financial Statements") contained in its Annual Report on Form 10-K required
21 restatement and should no longer be relied upon, and additionally, that the Company's
22 prior related earnings and news releases and similar communications should also no
23 longer be relied on to the extent they related to the 2008 Financial Statements.
24     The Company also announced that the restatement would show a change in the
25 Company's accounting treatment for certain exploration and development costs.
26 According to Ormat, these costs were capitalized on an area-of-interest basis using an
27 accounting method that is analogous to the full cost method, and upon review of this
28

30548v2                                      2

1   accounting treatment in response to comment letters from the Staff of the Securities

2   and Exchange Commission, the Company concluded that this accounting treatment

3   was inappropriate in certain respects.  Ormat additionally indicated that the Company

4   planned to revise its consolidated financial statements as of and for the three- and

5   nine-month periods ended September 30, 2009.

6       As a result of this news, Ormat shares declined $1.28 per share, or nearly 4%, to

7   close on February 24, 2010, at $31.90 per share, and further declined over the

8   following two days to close on February 26, 2010, at $28.93 per share, on heavy

9   trading volume. Over the course of these three days of trading, Ormat shares declined

10  a total of 12.81%, or $4.25 per share.

11                          **ARGUMENT**

12  **I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

13      Consolidation pursuant to Rule 42(a) is proper when actions involve common

14  questions of law and fact.  *See Casden v. HPL Techs., Inc.*, No. C-02-3510-VRW,

15  2003 U.S. Dist. LEXIS 19606, at *4-*5 (N.D. Cal. Sept. 29, 2003).  Courts recognize

16  that class action shareholder suits are ideally suited to consolidation because their

17  unification expedites proceedings, reduces duplication, and minimizes the expenditure

18  of time and money by all concerned.  *See Aronson v. McKesson HBOC, Inc.*, 79 F.

19  Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class

20  actions predicated on the same set of misstatements by corporate officials, causing an

21  artificial inflation and then a corrective drop in share prices, present common

22  questions of fact.").

23      The Actions pending before this Court present similar factual and legal issues,

24  as they all involve the same subject matter, and present the same legal issues.  Each

25  alleges the same violations of the Exchange Act, and is based on the same wrongful

26  course of conduct.  Each names the Company and certain of its officers and/or

27  directors as Defendants.  Because the Actions arise from the same facts and

28

30548v2                            3

circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

**A.    The Court Should Resolve The Consolidation Issue
As A Prerequisite To The Determination Of Lead Plaintiff**

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable."  Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As Movants have an interest in moving these actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

**II.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS**

**A.    The Procedure Required By The PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them.  Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Actions.

### 1.   Movants Are Willing To Serve As Class Representatives

On March 9, 2010, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Ormat and certain of the Individual Defendants, and which advised putative class members that they had until May 10, 2010 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice.  In doing so, Movants have

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. A.

1  attached their certifications attesting to their willingness to serve as representatives

2  party of the Class and provide testimony at deposition and trial, if necessary. *See*

3  Seidman Decl. Ex. B. Accordingly, Movants satisfy the first requirement to serve as

4  lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5  **2.    Movants Are The Most Adequate Lead Plaintiffs**

6  Under the PSLRA, any member of the purported class may move for

7  appointment as lead plaintiff within 60 days of the publication of notice that the action

8  has been filed. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Subsequently, the court "shall

9  appoint as lead plaintiff the member or members of the purported plaintiff class that

10  the court determines to be most capable of adequately representing the interests of

11  class members . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(i).

12  Movants believe their $53,156 loss constitutes the largest financial interest in

13  the outcome of the action. As such, Movants are the most adequate lead plaintiffs and

14  should be appointed as lead plaintiffs.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30548v2

6

### 3.   Movants Satisfy The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also state that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Stocke v. Shuffle Master, Inc.* No. 2:07-CV-00715-KJD-RJ, 2007 WL 4262723, at *2-3 (D. Nev. Nov. 30, 2007); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at *2 (S.D. Cal. Oct. 23, 2006).

Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Ferrari*, 225 F.R.D. at 606 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Likewise, Rule 23(a) also requires that the person(s) representing the class be able to "'fairly and adequately protect the interests' of all members in the class." *Ferrari*, 225 F.R.D. at 607 (citation omitted).

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, acquired shares of Ormat during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are also adequate representatives for the Class. There is no antagonism between their interests and those of the Class. Moreover, Movants have

1  retained counsel highly experienced in prosecuting securities class actions, and will

2  submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15

3  U.S.C. § 78u-4(a)(3)(B)(v).

4         Accordingly, at this stage of the proceedings, Movants have made the

5  preliminary showing necessary to satisfy the typicality and adequacy requirements of

6  Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-

7  4(a)(3)(B)(iii)(I)(cc).

8  **III.   MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED**

9         The PSLRA vests authority in the lead plaintiff to select and retain lead

10  counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-

11  4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court

12  should interfere with the lead plaintiff's selection of counsel only when necessary "to

13  protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-

14  4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-

15  4(a)(3)(B)(iii)(II)(aa).

16         Movants have selected and retained Bernstein Liebhard and Glancy Binkow as

17  the proposed co-lead counsel for the Class.  Bernstein Liebhard has extensive

18  experience prosecuting complex securities class actions, such as this one, and is well

19  qualified to represent the Class.  *See* Seidman Decl. Ex. D for the firm resume of

20  Bernstein Liebhard.  As a result, the Court may be assured that by approving

21  Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation

22  available.

23         Bernstein Liebhard has frequently been appointed as lead counsel since the

24  passage of the PSLRA, and has frequently appeared in major actions before this and

25  other courts throughout the country.  Indeed, THE NATIONAL LAW JOURNAL has

26  recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs'

27

28

30548v2                                    8

firms in the country.  Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row.  Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million.  This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending in this Court before Judge Shira Scheindlin. The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the Court granted final approval to a $586 million settlement.

Glancy Binkow & Goldberg LLP has represented investors and consumers in federal and state courts throughout the United States for sixteen years.  Based in Los Angeles, California, with offices in New York, New York and San Francisco, California, Glancy Binkow & Goldberg has developed expertise prosecuting securities fraud, antitrust and complex commercial litigation. As Lead Counsel or as a member of Plaintiffs' Counsel Executive Committees, Glancy Binkow & Goldberg has recovered in excess of $1 billion for parties wronged by corporate fraud and malfeasance. The firm's efforts on behalf of individual investors have been the subject

1   of articles in such publications as *The Wall Street Journal*, *The New York Times* and

2   *Los Angeles Times*.

3   ## CONCLUSION

4     For the foregoing reasons, Movants respectfully request that this Court:  (1)

5   consolidate the captioned, and all subsequently-filed, related actions; (2) appoint

6   Movants as lead plaintiffs for the Class in the Actions and all subsequently-filed,

7   related actions; and (3) approve Bernstein Liebhard and Glancy Binkow as co-lead

8   counsel for the Class.

9   DATED:  May 10, 2010   Respectfully submitted,

10

11           /s/ MARK WRAY

12           **LAW OFFICES OF MARK WRAY**
         608 Lander Street

13           Reno, Nevada  89509

14           Telephone: 775.348.8877

15           **Liaison Counsel for Movants**

16           **BERNSTEIN LIEBHARD LLP**

17           Sandy A. Liebhard
         U. Seth Ottensoser

18           Joseph R. Seidman, Jr.

19           10 E. 40th Street
         New York, NY  10016

20           Telephone: 212.779.1414

21           Facsimile:  212.779.3218

22           **GLANCY BINKOW & GOLDBERG**

23           **LLP**
         Lionel Z. Glancy

24           Michael Goldberg

25           1801 Avenue of the Stars, Suite 311
         Los Angeles, CA  90067

26           Telephone: 310.201.9150

27           Facsimile:  310.201.9160

28

30548v2         10

1

2    **Counsel for Movants and Proposed Co-Lead Counsel for the Class**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing document was served on May 10, 2010 via electronic mail pursuant to the CM/ECF system to each of the interested parties as follows:

Curtis B. Coulter
Irene@coulterlaw.com

Matthew B. Hippler
mhippler@hollandhart.com

David O'Mara
david@omaralaw.net

Bruce G. Vanyo
bruce@kattenlaw.com

Richard Zelichov
Richard.zelichov.@kattenlaw.com

Tamara Jankovic
tjankovic@hollandhart.com

/S/ MARK WRAY

_____

MARK WRAY