```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | |
|---|---|
| WAYNE SZYMBORSKI, On Behalf of Himself and All Others Similarly Situated, | 3:10-CV-132-ECR-RAM |
| | MINUTES OF THE COURT |
| Plaintiff, | DATE: June 3, 2010 |
| vs. | |
| ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, JOSEPH TENNE, | |
| Defendants. | |
| PAUL STEBELTON, On Behalf of Himself and All Others Similarly Situated, | 3:10-CV-156-ECR-RAM |
| Plaintiff, | |
| vs. | |
| ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDI BRONICKI, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE, | |
| Defendants. | |
| JOHN J. CURTIS, On Behalf of Himself and All Others Similarly Situated, | 3:10-CV-198-ECR-RAM |
| Plaintiff, | |
| vs. | |
| ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDI BRONICKI, | |
| Defendants. | |

```
PRESENT:      EDWARD C. REED, JR.                 U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN          Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                  NONE APPEARING

Counsel for Defendant(s)                  NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

Three related securities class action lawsuits have been brought against Defendant Ormat Technologies, Inc. ("Ormat") and certain individual defendants. On May 10, 2010, Jianxun Dong, George Umino, and the A.R.D. Investment Club, L.P. (collectively, "Movants") filed a motion (#19) seeking consolidation of the three related actions for all purposes, their own appointment as lead plaintiffs in the actions, and approval of their choice of Bernstein Liebhard LLP ("Bernstein Liebhard") and Glancy Binkow & Goldberg LLP ("Glancy Binkow") as co-lead counsel and the Law Offices of Mark Wray as liaison counsel for all plaintiffs and the class in this action. Movants have also lodged a proposed order (#24) with the Court. Ormat has responded (#23) to the motion (#19); Ormat does not oppose consolidation, and takes no position regarding appointment of lead plaintiffs or approval of lead counsel.

The proposed order lodged with the Court does not comport with our usual practice in several respects, and therefore we will not approve it. Nevertheless, the motion (#19) to consolidate, to appoint Movants as lead plaintiffs, and to approve their choice of counsel will be granted.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). It appears that Movants have complied with the procedures of designed to inform class members of their right to file a motion for appointment as lead plaintiff. Id. § 78u-4(a)(3)(A)(i). No class member other than Movants has sought appointment as lead plaintiff, nor has any class member opposed the motion. Movants timely moved to be appointed as lead plaintiff, and has the requisite financial interest in the relief sought by the class. See id. § 78u-4(a)(3)(B)(iii)(I)(aa), (bb). Movants also otherwise satisfy the requirements of Federal Rule of Civil Procedure 23. See id. § 78u-4(a)(3)(B)(iii)(I)(cc). Movants are typical of the class members, because they purchased Ormat stock during the class period (May 6, 2008, through February 24, 2010, inclusive) and allegedly suffered damages as a result. See Fed. R. Civ. P. 23(a)(3). It

2

appears that Movants would fairly and adequately protect the interests of the class: there is no indication of any potential conflict between Movants and other class members, and Movant's chosen counsel are qualified and experienced.  See Fed. R. Civ. P. 23(a)(4).  Thus, the rebuttable presumption of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) applies.  Because no rebuttal evidence has been presented by any member of the purported plaintiff class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), we conclude that Movants are the most adequate plaintiff to serve as lead plaintiff, and their choice of counsel should be approved.

**IT IS, THEREFORE, HEREBY ORDERED** that the "Motion of Jianxun Dong, George Umino, and The A.R.D. Investment Club, L.P. to Consolidate Related Cases, Be Appointed as Lead Plaintiffs, and for Approval of Their Choice of Counsel" (#19) is **GRANTED** on the following basis:

   1.  The following actions are consolidated for all purposes: Case No. 3:10-CV-132-ECR-RAM; Case No. 3:10-CV-156-ECR-RAM; 3:10-CV-198-ECR-RAM.  Case No. 3:10-CV-132-ECR-RAM will be the Base Case, while Case No. 3:10-CV-156-ECR-RAM and Case No. 3:10-CV-198-ECR-RAM will be Member Cases.  The files of the consolidated action shall be maintained under the Base Case, and all entries shall be made in the docket of the Base Case.  No further copies need to be filed and no other docket entries need be made.  Every pleading filed in the consolidated action shall bear the captions of the Base Case and the Member Cases.

   2.  Jianxun Dong, George Umino, and the A.R.D. Investment Club, L.P., are appointed as lead plaintiff in the consolidated action; their choice of Bernstein Liebhard LLP and Glancy Binkow & Goldberg LLP as co-lead counsel and the Law Offices of Mark Wray as liaison counsel for all plaintiffs and the class in the consolidated action is approved.

   3.  Defendants are not required to respond to any complaint thus far filed in the Base Case or the Member Cases.  Movants, through Lead Counsel, shall file a consolidated class action complaint ("Consolidated Complaint") within twenty one (21) days after the date of entry of this Order.  Defendants shall answer or otherwise respond to the Consolidated Complaint in accordance with the times provided by the Federal Rules of Civil Procedure.

LANCE S. WILSON, CLERK

By     /s/    
    Deputy Clerk