HOLLAND & HART LLP
Matthew B. Hippler
Nevada State Bar No. 7015
mhippler@hollandhart.com
Tamara Jankovic
Nevada Bar No. 9840
tjankovic@hollandhart.com
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone (775) 327-3000
Facsimile (775) 786-6179

KATTEN MUCHIN ROSENMAN LLP
Bruce G. Vanyo
bruce@kattenlaw.com
(admitted *pro hac vice*)
Richard H. Zelichov
richard.zelichov@kattenlaw.com
(admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, California 90067-3012
Telephone (310) 788-4400
Facsimile (310) 788-4471

Attorneys for Defendants
Ormat Technologies, Inc.,
Yehudit Bronicki and Joseph Tenne

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WAYNE SZYMBORSKI, On Behalf of Himself and All Others Similarly Situated,

Plaintiff,

vs.

ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, JOSEPH TENNE,

Defendants.

**CASE NO.: 3:10-CV-00132-ECR-RAM**

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

| | |
|---|---|
| PAUL STEBELTON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE,<br><br>Defendants. | **CASE NO: 3:10-CV-00156-ECR-RAM** |
| JOHN J. CURTIS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI,<br><br>Defendants. | **CASE NO. 3:10-CV-00198-ECR-RAM** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

2.1 Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "Highly Confidential" Information or Items: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: A Party or non-party that designates information or items that it deems as "Confidential" or "Highly Confidential."

2.8 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

2.9 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including independent contract attorneys and third-party investigators hired by outside counsel who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

2.10 In-House Counsel: Attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 Expert and/or Consultant: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit

any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) Information in documentary form (apart from transcripts of depositions or other pretrial proceedings). To designate information in documentary form as Protected Material, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection, until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential or "Highly Confidential") at the top or bottom of each page that contains Protected Material.

In the event that a Party believes that documents produced by another Party or non-party should be subject to the terms of this Order, that Party shall have the right to designate such documents as either "Confidential" or "Highly Confidential." Within 30 days of receipt of such

documents, the Designating Party shall provide notice to all other Parties and the producing non-party of such designation. After receiving this notice, each Party or producing non-party in possession of designated information shall affix the appropriate legend ("Confidential or "Highly Confidential") at the top or bottom of each page that contains Protected Material.

(b) Testimony given in deposition or in other pretrial proceedings. To designate testimony given in deposition or in other pretrial proceedings as Protected Material, a Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, a Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 25 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 25 days after receipt of the transcript shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or non-party designating the testimony.

(c) Information produced in some form other than documentary, and any other tangible items. To designate information produced in some form other than documentary and other tangible items as Protected Material, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential."

In the event that a Party believes that such information produced by another Party or non-party should be subject to the terms of this Order, that Party shall have the right to designate such information as either "Confidential" or "Highly Confidential." Within 30 days of receipt of such information, the Designating Party shall provide notice to all other Parties and the producing non-party of such designation. After receiving this notice, each Party or producing non-party in

possession of designated information shall affix the appropriate legend ("Confidential or "Highly Confidential") in a prominent place on the exterior of the item that contains Protected Material.

5.3 Inadvertent Failures to Designate: If timely corrected within 25 days after production, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. This section does not apply, however, to testimony given in a deposition or in other pre-trial or trial proceedings that is not designated within 25 days after receipt of the transcript, as provided in Section 5.2(b).

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must include conferring directly with Counsel for the Designating Party. In conferring the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. Absent good cause, such as a large number of disputed documents for the parties to analyze, the parties shall have ten days from the initial notification of a challenge to complete the meet and confer process.

6.3 Judicial Intervention: If the challenging party and the Designating Party are unable to resolve a dispute about a confidentiality designation within the time provided in paragraph 6.2

above, the challenging party may elect to challenge the confidentiality designation by filing a discovery motion as provided in the Local Court Rules. Each such motion must be accompanied by a statement that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such, challenge proceeding shall be on the Designating Party. Notwithstanding any challenge to the designation of material as Protected Material, all such documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Designating Party withdraws such designation in writing to all Parties and no other Party has designated that material as Protected Material; or (b) the Court rules the material is not Protected Material.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party and Producing Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

        (c) experts and/or Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(f) the author, addressees or recipients of the document.

7.3 Disclosure of "Highly Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Agreement to Be Bound by Protective Order"(Exhibit A);

(b) experts and/or Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A); and

(e) the author, addressees, or recipient of the document.

If the Designating Party and Counsel questioning such deposition witness cannot agree as to whether the "Highly Confidential" materials may be shown to the witness, the examining party may seek relief from the Court pursuant to Section 6 herein, and may not show the materials at issue to the witness pending the Court's decision.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential" the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the litigant who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the litigant in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to agree to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

10.1 No Party or non-party shall file any Protected Material with the Court without either first obtaining leave of court or contemporaneously filing a request to file the Protected Material

under seal. Any Party or non-party making a contemporaneous request to file a document under seal must electronically file a redacted version of the document electronically and must lodge a full copy of the document (including the Protected Material) manually both with the Clerk and with the Court in sealed envelope that provides the case caption and name of the document in accordance with L.R. 10-2 and prominently indicates "DOCUMENT SUBMITTED UNDER SEAL FOR REVIEW IN CAMERA."

10.2 The Party or non-party requesting to file a document under seal shall have the burden of showing good cause in the case of non-dispositive motions (or documents in support of non-dispositive motions) or a compelling reason in the case of dispositive motions (or documents in support of dispositive motions) why the document should be filed under seal in order to overcome the presumption in favor of public access to papers filed in court EXCEPT THAT if the Party or non-party requesting to file a document under seal is not the party that designated the material as Protected Material then the Designating Party bears such burden by filing a request to file the document under seal within 14 days after the non-Designating Party has filed and/or lodged the Protected Material.

10.3 Any request to file Protected Material under seal shall itself be filed under seal and the request must be lodged manually both with the Clerk and with the Court in sealed envelope that provides the case caption and name of the document in accordance with L.R. 10-2 and prominently indicates "REQUEST TO FILE DOCUMENT UNDER SEAL FOR REVIEW IN CAMERA."

10.4 Nothing in this Order shall prevent a Party from using Protected Material for which it is the Designating Party in any manner it chooses.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this action, including appellate litigation or the time period therefore, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the Receiving Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above.

**12. MISCELLANEOUS**

12.1 Right to Further Relief: Nothing in this Order abridges the right of any person to seek modification of this Order by proper application to the Court on notice to the other Party hereto for good cause.

12.2 Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 No Waiver: Entering into, agreeing to, and/or producing or receiving material designated as "Confidential," or otherwise complying with the terms of this Order shall not:

(a) Operate as an admission by any Party that any particular material designated as Protected Material constitutes or does not constitute trade secrets, proprietary or commercially sensitive information, or any other type of Protected Material;

(b) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be Protected Material;

(c) Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Protected Material;

(g) Prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(h) Limit a Party's ability to grant non-parties access to its own documents and/or information;

(i) Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

(j) Prevent a Party or third Party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested.

12.4 Subject to Jurisdiction: All persons who have access to information or material designated as Protected Material under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order. However, this Order has no effect upon, and shall not apply to, a Producing Party's use of its own Protected Material for any purpose.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 30, 2011

**BERNSTEIN LIEBHARD LLP**

By: U. Seth Ottensoser /MSB
U. Seth Ottensoser
Ottensoser@bernlieb.com
Michael S. Bigin
Bigin@bernlieb.com
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414

**GLANCY BINKOW & GOLDBERG LLP**

By:_______________________________
Lionel Z. Glancy
lglancy@glancylaw.com
Michael Goldberg
mgoldberg@glancylaw.com
Coby Turner
cturner@glancylaw.com
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150

**LAW OFFICES OF MARK WRAY**
Mark Wray
Mwray@markwraylaw.com
608 Lander Street
Reno, Nevada 89509
Telephone: (775) 348-8877

***Attorneys for Lead Plaintiff and Co-Lead Counsel***

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 30, 2011

**BERNSTEIN LIEBHARD LLP**

By:______________________________

U. Seth Ottensoser
Ottensoser@bernlieb.com
Michael S. Bigin
Bigin@bernlieb.com
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414

**GLANCY BINKOW & GOLDBERG LLP**

By:______________________________

Lionel Z. Glancy
lglancy@glancylaw.com
Michael Goldberg
mgoldberg@glancylaw.com
Coby Turner
cturner@glancylaw.com
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150

**LAW OFFICES OF MARK WRAY**
Mark Wray
Mwray@markwraylaw.com
608 Lander Street
Reno, Nevada 89509
Telephone: (775) 348-8877

***Attorneys for Lead Plaintiff and Co-Lead Counsel***

DATED: June 30, 2011

KATTEN MUCHIN ROSENMAN LLP

By: ______________________

Bruce G. Vanyo
Richard H. Zelichov
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

Matthew B. Hippler, Esq.
Nevada State Bar No. 7015
mhippler@hollandhart.com
Tamara Jankovic, Esq.
Nevada Bar No. 9840
tjankovic@hollandhart.com
**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone (775) 327-3000
Facsimile (775) 786-6179

Attorneys for Defendants Ormat Technologies, Inc., Yehudit Bronicki and Joseph Tenne

**ORDER**

IT IS SO ORDERED.

DATED: July 1, 2011.

[signature]

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I ______________________ [print or type full name], of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] in the case of Szymborski v. Ormat Technologies, Inc., Master File No. 10-CV-00132-ECR-RAM. I understand that the Stipulated Protective Order, a copy of which has been given to me, prohibits me from disclosing in any manner any information or items subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________ [print or type full name] of ______________________ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________

City and State where sworn and signed: ______________________

Printed name: ______________________

Signature: ______________________