**LAW OFFICES OF MARK WRAY**
Mark Wray
608 Lander Street
Reno, Nevada 89509
Telephone:  (775) 348-8877

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Michael S. Bigin
10 East 40th Street
New York, NY 10016
Telephone:  (212) 779-1414

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Robin B. Howald
Coby M. Turner
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE SZYMBORSKI, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, TOSEPH TENNE,<br><br>Defendants. | Case No. 3:10-CV-00132-ECR-WGC<br><br>Hon. Edward C. Reed<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT** |

1

| | |
|---|---|
| PAUL STEBELTON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE,<br><br>Defendants. | Case No.: 3:10-CV-00156-ECR-RAM |
| JOHN J. CURTIS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI,<br><br>Defendants. | Case No.: 3:10-CV-00198-ECR-RAM |

WHEREAS, a class action is pending before the Court entitled *Szymborski v. Ormat Technologies, Inc. et al.*, No. 3:10-CV-00132-ECR-WGC, United States District Court for the District of Nevada (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of January 19, 2012 (the "Stipulation of Settlement")[1], which has been entered into by the Lead Plaintiffs and the Defendants, and the Court has reviewed the Stipulation of Settlement and the Exhibits annexed thereto;

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement, and the terms used herein shall have the same meaning as in the Stipulation of Settlement.

2

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation of Settlement which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation of Settlement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation of Settlement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court finds that: (a) the Stipulation of Settlement resulted from arm's-length negotiations; and (b) the Stipulation of Settlement is sufficiently fair, reasonable and adequate as to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before this Court on October 1, 2012 at 10:00 a.m. to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement is fair, reasonable and adequate to the Class and should be approved by the Court; whether to certify a Settlement Class; whether a Judgment as provided in the Stipulation of Settlement should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Co-Lead Counsel.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely in conjunction with this Settlement, a Settlement Class consisting of all Persons who purchased or otherwise acquired Ormat securities from May 7, 2008, through February 24, 2010, inclusive, who incurred damages.  Excluded from the Settlement Class are

Defendants, members of Defendants' families, any entity in which Defendants have a controlling interest, entities that are a parent or subsidiary of Ormat, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Settlement of Class Action to be sent to the Settlement Class.  There has been no prior notice to Class Members of the certification of the Class in this Litigation or prior opportunity for any Person or entity to request to be excluded from the Class.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 to the Stipulation of Settlement, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and Due Process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation of Settlement, is fair, reasonable, and adequate and should be finally approved, and whether the Judgment dismissing the Litigation with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, whether or not such Persons have appeared in the Class Action and whether or not such Persons request exclusion or have requested exclusion from the Settlement Class, shall assert, institute, commence, prosecute or continue to prosecute against any of the Released Persons any of the Released Claims in this Litigation, or in any other proceeding or forum.  Nor shall Defendants or any of their Released Persons prosecute any of the Released Defendants' Claims in this Litigation, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the

Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

7.  The Court appoints the Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)  Not later than twenty (20) business days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation of Settlement, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)  Not later than thirty (30) business days after the date of this Order, the Claims Administrator shall cause the Summary Notice to be published once in <u>Investors Business Daily</u>, and on a different day shall cause the Summary Notice to be published once in <u>Globes Newswire</u>;

(c)  Not later than twenty (20) business days after the date of this Order, the Claims Administrator shall cause the Stipulation of Settlement and its Exhibits and a copy of the Notice to be posted on the following website: www.gcginc.com; and

(d)  Not later than seventy (70) days after the date of this Order, Co-Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.

8.  Nominees who purchased or otherwise acquired Ormat securities between May 7, 2008, and February 24, 2010, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Ormat securities within twenty (20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-

of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) days prior to the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of Ormat securities made during the Class Period, including the dates of purchase or sale, the number of securities purchased and/or sold, and the price paid or received per security for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

10. If prior to the Settlement Hearing Persons who otherwise would be Members of the Class have filed with the Court valid and timely Requests for Exclusion in accordance with the provisions of this Notice Order and the Notice given pursuant thereto, and have not thereafter withdrawn such Requests for Exclusion, and such Persons have in the aggregate potential claims that equal or exceed the sum specified in the separate Supplemental Agreement between the Parties which has not been filed with this Court, Ormat shall have the option to terminate the Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The existence of the Supplemental Agreement and Ormat's rights to terminate the Settlement pursuant thereto shall be referenced in the Notice without disclosure of its terms. Pursuant to the Private Securities Litigation Reform Act of 1995, § 27(a)(2)(B)(5), this Court finds that good cause has been shown for not filing the Supplemental Agreement, which shall be

filed under seal only if a dispute among the Settling Parties arises concerning its interpretation or application.

11. All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

12. Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Class) who wish to collect in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred fifty (150) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

13. Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, Co-Lead Counsel will represent them.

14. Any Member of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) may appear and show cause, if he, she, or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Co-Lead Counsel or Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the

attorneys' fees and expenses to be awarded to Co-Lead Counsel, or the reimbursement of Lead Plaintiffs reasonable costs and expenses (including lost wages) directly related to their representation of the Class, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Nevada, no later than twenty-one (21) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice, such that they are received on or before such date.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation of Settlement or further order(s) of the Court.

16. All papers in support of the Settlement, the Plan of Allocation, Lead Plaintiffs' application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing. Any papers in further support of the Settlement, the Plan of Allocation, Lead Plaintiffs' application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

17. Neither the Defendants nor their Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation, Lead Plaintiffs' application for reimbursement of expenses, or any application for attorneys' fees or expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, Lead Plaintiffs' application for reimbursement of expenses, and any application for attorneys' fees or expenses shall be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation of Settlement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

20. Neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims by Settling Parties, or of any wrongdoing or liability of the Defendants; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal or of any liability or wrongdoing of any kind; (iii) is or may be deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss; (iv) is or may be deemed to be or may be used as an admission that the claims alleged in the Litigation lacked merit or that Lead Plaintiffs and the Class would not have been able to recover a greater amount of damages had the claims been prosecuted through trial and appeals, if any.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement, and shall be vacated. In such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

22. Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Settlement Class Members.

25. For purposes of the Notice, the Court preliminarily approves the Plan of Allocation and sets the *de minimis* threshold for Authorized Claimants to receive a distribution from the Net Settlement Fund at $10.00.

DATED:  March 30, 2012.

*Edward C. Reed.*

The Honorable Edward C. Reed
United States District Judge