**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYNE SZYMBORSKI, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, JOSEPH TENNE, <br><br> Defendants. | Case No.: 3:10-CV-132-RCJ <br><br> **ORDER** |

Currently before the Court is Plaintiffs' Unopposed Motion for Final Approval of the Proposed Settlement, Class Certification and the Plan of Allocation (#103); and Plaintiff's Unopposed Motion for Attorneys' Fees and Reimbursement of Expenses (#105).

**BACKGROUND**

On June 3, 2010, the Court consolidated three class action suits alleging violations of federal securities laws against Ormat Technologies, Inc. ("Ormat") and individual officers of Ormat. Plaintiffs Jianxun Dong, George Umino, and A.R.D. Investment Club, L.P. ("Lead Plaintiffs") were appointed lead plaintiffs in the consolidated class action. On March 3, 2011, the Court partially granted (#56) a motion to dismiss.

On March 27, 2012, the parties filed a Stipulation of Settlement (#97), and on March 30, 2012, the Court signed an Order Preliminarily Approving Settlement (#98). A hearing for final approval of the settlement was set for October 1, 2012, and notice was sent to the class members of the proposed settlement terms and procedure to object to, or to request an exclusion from, the settlement. The final date to submit objections or to request an exclusion

was September 10, 2012.

On August 27, 2010, Plaintiffs filed an Unopposed Motion for Final Approval of the Proposed Settlement, Class Certification and the Plan of Allocation (#103), and an Unopposed Motion for Attorneys' Fees and Reimbursement of Expenses (#105). The Court vacated the hearing set for October 1, 2012. On September 24, 2012, Plaintiffs filed an additional memorandum (#114) in support of the Unopposed Motion for Final Approval (#103). No objections or oppositions to the Motion for Final Approval (#103) and Motion for Attorneys' Fees and Costs (#105) have been filed.

## DISCUSSION

### A. Settlement

Plaintiffs request that the Court approve the Stipulation of Settlement (#97), dated January 19, 2012. The Stipulation of Settlement sets forth the parties' agreement to settle all claims that have been or could have been asserted in this action or a similar action arising out of, or relating to, the allegations referred to in this litigation in exchange for a settlement amount of $3,100,000.00 (the "Settlement Amount" or "Settlement Fund"). The parties also request that the Court certify a settlement class defined as "all Persons who purchased or otherwise acquired Ormat securities between May 7, 2008, and February 24, 2010, inclusive, who incurred damages," but excluding Defendants, and other entities/persons related to Defendants. (Stipulation of Settlement ¶ 1.3 (#97).)

The deadline to file objections and to request being excluded from the settlement was September 10, 2012. No objections were filed, and only two proper requests for exclusion were received by Plaintiffs.

The parties have agreed to settle for a payment of $3,100,000.00. Plaintiffs submit that the Settlement Amount is approximately 21.5% of the maximum damages recoverable in this action. Federal Rule of Civil Procedure 23(e) provides that a class action shall not be compromised without the approval of the court. Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Factors to be considered include:

2

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted).

The consolidated class complaint (#35) includes claims based on two distinct sets of allegations: (1) concerning Ormat's disclosure that Ormat's financial statements for 2008 required restatement, and (2) concerning Ormat's projections regarding the timely completion and expected capacity of the North Brawley plant. The Court considered the claims in an Order (#56) granting in part and denying in part Defendants' motion to dismiss (#43). After a thorough examination of the allegations, the Court concluded that Plaintiffs' claims based on the North Brawley plant allegations were insufficient to form the basis of a securities fraud claim because Plaintiffs had not shown falsity or scienter. Plaintiffs' claims based on the 2008 restatement, however, were permitted to proceed. While the Court examined the claims only at the motion to dismiss stage, the legal standard governing securities fraud actions requires that the Court examine whether the circumstances constituting fraud were stated with particularity. The court also considered whether the complaint specified each allegedly misleading statement and stated with particularity all facts on which any allegation rests. The Court concluded that, based on the allegations in the complaint, Plaintiffs had stated a claim for securities fraud.

However, litigation was at an early stage at the time the parties settled, and the true strength of Plaintiffs' case has not been tested in court. The Settlement Amount, which Plaintiffs claim is about 21.5% of the maximum damages they could recover at trial, is not unreasonable in light of the risk, expenses, and likely duration of further litigation in this action. The action was filed in 2010, and in order to reach resolution, if not for the proposed settlement, would require more discovery, extensive briefing, and possibly a lengthy trial. Plaintiffs would also have to obtain class certification and maintain class action status throughout the action.

The Settlement Amount is also reasonable compared with settlement amounts approved

3

in comparable securities fraud cases. *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004) (finding that the district court did not abuse its discretion in finding that a settlement amount of approximately thirty-three percent of available damages is reasonable); *In re Skilled Healthcare Group, Inc. Sec. Litig.*, No. CV 09-5416 DOC (RZx), 2011 WL 280991, at *4 (C.D. Cal. Jan. 26, 2011) (approving a settlement amount of approximately twenty percent of the estimated maximum damages); *In re Omnivision Tech, Inc.*, 559 F.Supp.2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement amount of approximately nine percent of the estimated maximum damages). The Settlement Amount is also valuable when compared with the "present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing." *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 806 (3d Cir. 1995).

Finally, the reaction of the class members to the proposed settlement supports the fairness, reasonableness, and adequacy of the settlement. After notice was sent to class members of the terms of the proposed settlement, the option to file an objection, the option to appear at the hearing, and the option to request an exclusion, not a single objection or notice of appearance was filed by any class member. Three requests for exclusion were received, but only two comply with the requirements of the Preliminary Approval Order (#98).[1] "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *In re Austrian and German Bank Holocaust Litig*, 80 F.Supp.2d 164, 175 (S.D.N.Y. 2000).

Therefore, the Court finds that the Unopposed Motion for Final Approval of the Proposed Settlement, Class Certification and the Plan of Allocation (#103) should be granted.

**B. Attorneys' Fees and Costs**

Plaintiffs request that the Court approve attorneys' fees in the amount of 30% of the

---

[1] Plaintiffs request that the Court list the two proper exclusions and deny Phillip Feldman, Esq.'s request for exclusion. Feldman submitted a request without identifying any Ormat securities or any dates of purported transactions. Plaintiffs' counsel contacted Feldman at his law office repeatedly but Feldman refused to identify his trades, if any, of Ormat securities during the Class Period. Because Feldman's request for exclusion does not comply with the Preliminary Approval Order (#98), his request for an exclusion shall be denied.

settlement fund, costs of $169,749.09, and costs of $7,251.85 for Lead Plaintiffs, with interest earned thereon at the same rate and for the same period as that earned on the settlement fund until paid in full.

### 1. Attorneys' Fees

The common fund doctrine permits sharing of the burden of the litigation expenses among those who are benefited by the litigation. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). The Ninth Circuit approved both a "percentage of the funds" method and the "lodestar method," but found that under some circumstances the percentage method is preferable because it is simpler to calculate. *Id.* at 272. The Ninth Circuit found that under the percentage method, fee awards ordinarily range from twenty to thirty percent of the fund created. *Id.* Twenty-five percent should be the "bench mark" percentage, but the district court may adjust upward or downward to account for the circumstances in each case. *Id.* In *In re Activision Securities Litigation*, the district court concluded that the "better practice" would be to use the percentage method and that the benchmark should be thirty percent rather than the twenty-five percent recommended in *Paul, Johnson*. *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377-79 (N.D. Cal. 1989). The *Activision* court found that a review of several reported cases disclosed that "nearly all common fund awards range around 30% even after through application of either the lodestar or twelve-factor method." *Id.* at 1377.

In this case, thirty percent of the Settlement Amount does not seem an extraordinary or extravagant fee for counsel. Plaintiffs' counsel have litigated this case for more than two years without recompense until now, and have achieved a favorable settlement of approximately 21.5 percent of maximum damages. No objections regarding the settlement or the requested attorneys' fees have been filed by any class member. Counsel litigated complex issues of accounting rules and stock market behavior. Furthermore, Plaintiffs' counsel shouldered the risk of non-payment by taking the class action suit on a contingency fee basis. "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299

(9th Cir. 1994) (citation omitted).

The thirty percent fee is also reasonable when compared with the result under the lodestar method. The lodestar method calculates the fee by "multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Paul, Johnson*, 886 F.2d at 272. The lodestar method result may be compared with a fee request made under the percentage method as a "cross-check" on the reasonableness of the requested fee. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Plaintiffs' counsel spent over 3,000 hours of professional time on this case to date, yielding a lodestar amount of $1,600,360.30. (Bigin Decl. ¶ 81 (#107).) The lodestar method result is greater than the requested thirty percent fee, which amounts to approximately $930,000.00. The Court concludes, therefore, that the requested thirty percent fee is not unreasonable once the skill of counsel, complexity of the issues, the risk shouldered by counsel, and customary fees in similar cases have been taken into account.

### 2. Attorneys' Costs

Counsel also requests reimbursement of costs from the Settlement Fund following payment of attorneys' fees. The requested amount is $169,749.09. The costs incurred are a little over five percent of the Settlement Amount of $3,100,000.00. A survey of the itemized costs show nothing out of the ordinary: costs include fees for transcripts, online research, experts, travel, and filing. The costs, therefore, shall be approved.

### 3. Lead Plaintiffs' expenses

Lead Plaintiffs' requested reimbursements in the amount of $2,258.85 for Jianxun Dong, $318 for George Umino, and $4,675.00 for the A.R.D. Investment Club, L.P. shall also be approved as reasonable. The costs are for services such as reviewing pleadings and other documents; communicating with counsel; searching for and producing documents; answering interrogatories; preparing for and testifying at depositions; and participating in settlement discussions, and represent the lost wages and out-of-pocket expenses incurred by Lead Plaintiffs directly related to their representation of the Class.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Unopposed Motion for Final Approval (#103) is **GRANTED**.  The Court shall enter the Final Judgment and Order of Dismissal with Prejudice.

IT IS FURTHER ORDERED that the Unopposed Motion for Attorneys' Fees and Costs (#105) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: This 16th day of October, 2012.

_____
United States District Judge