**LAW OFFICES OF MARK WRAY**
Mark Wray
608 Lander Street
Reno, Nevada 89509
Telephone: (775) 348-8877

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Michael S. Bigin
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE SZYMBORSKI, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:10-CV-00132-RCJ-WGC |
| Plaintiff, | Hon. Robert C. Jones |
| vs. | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| ORMAT TECHNOLOGIES, INC., YEHUDIT BRONICKI, TOSEPH TENNE, | |
| Defendants. | |

| | |
|---|---|
| PAUL STEBELTON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI, YORAM BRONICKI, LUCIEN Y. BRONICKI, DAN FALK, JACOB J. WORENKLEIN, ROGER W. GALE, ROBERT F. CLARKE,<br><br>Defendants. | Case No.: 3:10-CV-00156-ECR-WGC |
| JOHN J. CURTIS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ORMAT TECHNOLOGIES, INC., JOSEPH TENNE, YEHUDIT BRONICKI,<br><br>Defendants. | Case No.: 3:10-CV-00198- ECR-WGC |

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 30, 2012, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of January 19, 2012 (the "Stipulation of Settlement"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings set forth in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the September 10, 2012 deadline pursuant to the Court's Order dated March 30, 2012.

3. In conjunction with the Settlement only, the Court certifies this Litigation as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Lead Plaintiffs Jianxun Dong, George Umino, and A.R.D. Investment Club are typical of the claims of the Class they represent; (d) the Lead Plaintiffs have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action on behalf of all Persons who purchased or otherwise acquired of Ormat Technologies, Inc. ("Ormat") securities between May 7, 2008, and February 24, 2010, inclusive, who incurred damages. Excluded from the Class are Defendants, members of Defendants' families, any entity in which Defendants have a controlling interest, entities that are a parent or subsidiary of Ormat, and the officers, directors, affiliates, legal representatives, heir, predecessors, successors, and assigns of Defendants. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto. Except to effectuate the Settlement, neither the Settling Parties, their respective counsel, nor any Class Member shall cite,

present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of the stipulated certification of the Class, in this Litigation or in any other proceeding.

4.      The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiffs, the Class, and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation of Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Class Members, and the Defendants.  Accordingly, the Settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation of Settlement.

6.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the September 10, 2012 deadline, the Litigation and all claims contained therein, including all of the Released Claims and the Released Defendants' Claims, are dismissed with prejudice as to the Lead Plaintiffs, Members of the Class, Defendants, and as against each and all of their respective Released Persons.  By operation of the Judgment and under the terms of the Stipulation and the releases

therein, this Judgment is intended to preclude, and shall preclude, the Lead Plaintiffs and other Members of the Class (other than those Persons or entities listed on Schedule 1 who have timely and validly requested exclusion from the Class) from filing or pursuing any Released Claims under any federal, state or other law, and is intended to preclude, and shall preclude, Defendants from filing or pursuing any Released Defendants' Claims under any federal, state or other law. The Parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

7. Upon the Effective Date, the Lead Plaintiffs, each of the Class Members (other than those Persons or entities listed on Schedule 1 who have timely and validly requested exclusion from the Class), and Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) and Released Defendants' Claims against the Settling Parties and their respective Released Persons. This paragraph applies to absent Class Members whether or not they execute and deliver a Proof of Claim and Release form.

8. For purposes of this Judgment, "Unknown Claims" shall mean any claim a Settling Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her, or its Settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to, or opt out of, this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

4

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Lead Plaintiffs and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Lead Plaintiffs, Defendants and Class Members may hereafter discover facts in addition to or different from those which he, she, or it not knows or believes to be true with respect to the subject matter of the Released Claims and Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

        9. The Court permanently bars and enjoins: (a) all Class Members (other than those Persons or entities listed on Schedule 1 who have timely and validly requested exclusion from the Class) and their heirs, executors, and administrators, predecessors, successors, affiliates, and assigns, from filing, commencing, prosecuting, intervening in, participating in (as Class Members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims; and (b) all Persons from organizing any Class Members for purposes of pursuing as a

purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of, or relates to any Released Claims.

10. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnification, or subrogation arising out of any of the Released Claims are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Defendants any such claim, and Defendants are hereby permanently enjoined from commencing, prosecuting, or asserting any such claim against any Person. Nothing in this Stipulation nor the fact that the Stipulation has been executed shall be construed as an admission or concession by any party regarding the proper interpretation of any applicable indemnity agreement.

11. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

12. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

13. Neither the Stipulation of Settlement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or Released Defendants' Claim, or of any wrongdoing or liability of any of the Settling Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) shall be offered into evidence by any Person for any purpose except as provided in this ¶ 14.

14. The Released Persons may file the Stipulation of Settlement and/or the Judgment in any other litigation that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Parties, their respective counsel or any other Class Member may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

16.     The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

18.     The Court hereby **GRANTS** Co-Lead Counsel attorneys' fees of ____30____% of the Settlement Fund and expenses in an amount of $___169,749.09___ together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation.  The Court finds that the amount of fees awarded is fair and

7

reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

19. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation of Settlement and in particular ¶ 7.2 thereof, which terms, conditions, and obligations are incorporated herein.

20. The Court hereby **GRANTS** Lead Plaintiffs' reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $___7,251.85___.

DATED: 10-16-2012

_____
The Honorable Robert C. Jones
United States District Judge

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in

*Szymborski v. Ormat Technologies, Inc. et al.*
No. 3:10-CV-00132-RCJ-WGC

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the September 10, 2012 deadline pursuant to the Court's Order dated March 30, 2012:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| Amy Elizabeth Kuchta | |
| Ellen J. Fineberg | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## PROOF OF SERVICE BY ELECTRONIC POSTING
## AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of a United States District Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On September 24, 2012, I caused to be served the following documents:

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

By posting this document to the ECF Website of the United States District Court for the District of Nevada, for receipt electronically by the parties listed on the attached Court's Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 24, 2012, at Los Angeles, California.

*s/ Michael Goldberg*
Michael Goldberg

## Mailing Information for a Case 3:10-cv-00132-RCJ-WGC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael S. Bigin**
  bigin@bernlieb.com

- **Christina L. Costley**
  christina.costley@kattenlaw.com,dana.thompson@kattenlaw.com,patrecia.formeca@kattenlaw.com

- **Lionel Z. Glancy**
  INFO@GLANCYLAW.COM,hobbit99@aol.com,cturner@glancylaw.com

- **Marc L. Godino**
  mgodino@glancylaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com

- **Matthew B. Hippler**
  mhippler@hollandhart.com,btoriyama@hollandhart.com,cpulsipher@hollandhart.com,carnold@hollandhart.com,lford@hollandhart.com,intaketeam@hollandhart.com,RenoFedECF@

- **Sandy A. Liebhard**
  liebhard@bernlieb.com

- **Seth Ottensoser**
  ottensoser@bernlieb.com

- **Robert V. Prongay**
  rprongay@glancylaw.com

- **Tamara Reid**
  treid@hollandhart.com,lford@hollandhart.com,gsilva@hollandhart.com,intaketeam@hollandhart.com

- **Ex Kano S. Sams , II**
  esams@glancylaw.com

- **Joseph R. Seidman , Jr**
  seidman@bernlieb.com

- **Howard G. Smith**
  legul2010@aol.com

- **Coby M. Turner**
  cturner@glancylaw.com,cturner@glancylaw.com

- **Bruce G Vanyo**
  bruce@kattenlaw.com

- **Mark D Wray**
  mwray@markwraylaw.com,tmoore@markwraylaw.com,swray@markwraylaw.com

- **Richard H. Zelichov**
  richard.zelichov@kattenlaw.com,dana.thompson@kattenlaw.com,patrecia.formeca@kattenlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)